UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SULLIVAN, WARD, ASHER & PATTON, P.C.
25800 Northwestern Hwy., Suite 1000
Southfield, Michigan 48075
Telephone: 248.746.0700
Facsimile: 248.746.2760
**Attorneys of Record for Plaintiff**
David J. Selwocki (DS1018)

_____/

TRUSTEES OF THE SHEET METAL WORKERS
INTERNATIONAL ASSOCIATION LOCAL NO. 38
INSURANCE AND WELFARE FUND, SHEET METAL
WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38
PROFIT SHARING PLAN, SHEET METAL INTERNATIONAL
ASSOCIATION LOCAL NO. 38 INDIVIDUAL VACATION
ACCOUNT FUND, SHEET METAL WORKERS
LOCAL 38 LABOR MANAGEMENT COMMITTEE
AND TRUST, SHEET METAL WORKERS LOCAL 38
CRAFT TRAINING FUND, SHEET METAL WORKERS
NATIONAL PENSION FUND, SHEET METAL WORKERS
LOCAL 38 CRAFT TRAINING BUILDING FUND, Trust Funds
established and administered pursuant to Federal law,

  Plaintiffs,          Case No.: 15-cv-
                  Judge
vs.

HALDEAN SHEET METAL FABRICATORS, INC.,
a dissolved New York corporation, and FLORENCE
HALE, ROBERT HALE and MARY DE ANGELIS,
Individually and d/b/a HALDEAN SHEET METAL
FABRICATORS, INC.,

  Defendants.
_____/

## COMPLAINT

  **NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants, HALDEAN SHEET METAL FABRICATORS, INC., a dissolved New York corporation, and FLORENCE

HALE, ROBERT HALE and MARY DE ANGELIS, individually and d/b/a HALDEAN SHEET METAL FABRICATORS, INC., state as follows:

1. Plaintiffs are the Trustees of SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 INSURANCE AND WELFARE FUND, SHEET METAL WORKERS INTERNATIONAL ASSOCIATION LOCAL NO. 38 ANNUITY FUND, SHEET METAL NATIONAL PENSION FUND; SHEET METAL CONTRACTORS INDUSTRY FUND; SHEET METAL WORKERS LOCAL 38 LABOR MANAGEMENT COMMITTEE AND TRUST, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING FUND, SHEET METAL WORKERS LOCAL 38 CRAFT TRAINING BUILDING FUND, TRUST FUNDS ("FUNDS"), and have administrative offices in the City of Brewster, New York.

2. Defendant HALDEAN SHEET METAL FABRICATORS, INC. is a dissolved New York corporation conducting business in the State of New York (hereinafter "HALDEAN").

3. Defendants FLORENCE HALE, ROBERT HALE and MARY DE ANGELIS (hereinafter "Individual Defendants") are individuals who are the principal owners and officers of HALDEAN. The Individual Defendants are responsible for running the day-to-day operations of HALDEAN and responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

4. The Individual Defendants are doing business as HALDEAN SHEET METAL FABRICATORS, INC.

5. The Individual Defendants are employers or agents of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agent acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendants are employers within the meaning of §3(5) of ERISA, 29 USC §1002(5) and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

6. The FUNDS are administered by a Joint Board of Trustees, pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The Plaintiff FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 38, (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

7. At all times relevant hereto, HALDEAN was signatory to a Collective Bargaining Agreement with the Union.

8. Plaintiff FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

9. Pursuant to the terms and provisions of the Collective Bargaining Agreement between HALDEAN and the Union, HALDEAN agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by HALDEAN, and covered by the Agreement.

10. Pursuant to the provisions of the Collective Bargaining Agreement and the Plans of the Fringe Benefit Funds, contributions become vested Plan assets when due.

11. That pursuant to the Collective Bargaining Agreement, Defendant HALDEAN is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 20th day of the month following the month in which the hours were worked.

12. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection, including attorney fees.

13. That pursuant to the Collective Bargaining Agreement, the Trustees are authorized and empowered to examine and copy the payroll records and books of a signatory

employer to permit the trustees to determine whether such employer is making the appropriate contributions under the Agreement.

14. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

15. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between a labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

### COUNT I – Breach of Collective Bargaining Agreement
### And Violations of 29 USC §1145

16. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 13 above as though fully set forth herein.

17. That notwithstanding its contractual obligations, HALDEAN has failed and refused to pay its obligations and thus has violated the Collective Bargaining Agreement.

18. Plaintiff FUNDS are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and is restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

- A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

- B. Enter an Order that Defendant HALDEAN SHEET METAL FABRICATORS, INC. open its books and records for a complete payroll audit;

- C. Enter a Judgment in favor of Plaintiffs against Defendants HALDEAN SHEET METAL FABRICATORS, INC. and FLORENCE HALE, ROBERT HALE and MARY DE ANGELIS, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated

damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

**COUNT II – Breach of Fiduciary Duties of Florence Hale and Robert Hale**

19. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

20. The Individual Defendants are fiduciaries with respect to the various Fringe Benefit Plans within the meaning of ERISA, 29 U.S.C. §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of assets of the Plans.

21. By engaging in the acts and omissions described, the Individual Defendants have breached their fiduciary duties regarding the Funds within the meaning of 29 U.S.C. §1104(a)(1)(A).

22. The Individual Defendants are personally liable based on breaching their fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant HALDEAN SHEET METAL FABRICATORS, INC. open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants HALDEAN SHEET METAL FABRICATORS, INC. and FLORENCE HALE and ROBERT HALE, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD, ASHER, & PATTON, P.C.**

By: _/s/David J. Selwocki_
**DAVID J. SELWOCKI DS1018**
Attorneys for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield MI 48075
(248) 746-0700
brogers@swappc.com

Dated: July 30, 2015
W1665003/S23-117811