UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRUSTEES OF THE SHEET METAL        :
WORKERS INTERNATIONAL              :
ASSOCIATION LOCAL NO. 38 INSURANCE :
AND WELFARE FUND, et al.,          :          **MEMORANDUM OPINION**
              Plaintiffs,   :          **AND ORDER**
                      :
v.                                 :          15 CV 5979 (VB)
                      :
HALDEAN SHEET METAL FABICATORS,    :
INC., et al.,                      :
              Defendants.   :
------------------------------------------------------------x

      Before the Court is plaintiffs' objection, pursuant to Fed. R. Civ. P. 72(a), to Magistrate

Judge Judith C. McCarthy's August 22, 2016, order resolving a discovery dispute over the Hale

Defendants'[1] access to plaintiffs' audit reports and certain records from a non-party, the Sheet

Metal & Air Conditioning Contractors' National Association (SMACNA).

      For the following reasons, plaintiffs' objection is OVERRULED.

      Familiarity with the underlying facts and record of prior proceedings, which the Court

references only as necessary to explain its decision, is assumed.

## BACKGROUND

      Plaintiffs allege defendants failed to remit fringe benefit contributions owed to plaintiffs

pursuant to a collective bargaining agreement ("CBA") from 2009-2015.  Plaintiffs' former

employee, Wendy Santucci, allegedly concealed Haldean's failure to pay contributions.

      On August 1, 2016, the Hale Defendants requested the Court's intervention in a

discovery dispute.  (Doc. #74).  Among other things, the Hale Defendants sought (i) the Funds'

---

[1]     Plaintiffs filed suit against Haldean Sheet Metal Fabricators, Florence Hale, Robert Hale, (collectively, "the Hale Defendants") and Mary De Angelis.

audit reports referenced in deposition testimony of Richard Pagano, the Fund Administrator of the Sheet Metal Workers Local 28 Fund Office, and (ii) "negotiation committee" records from SMACNA referenced in deposition testimony of Larry Sturgis, the executive vice president of SMACNA and a Funds trustee.  (Id.)  On August 2, 2016, the Court referred the dispute to Magistrate Judge McCarthy.  (Doc. #76).

On August 22, 2016, at a conference before Judge McCarthy, counsel for the Hale Defendants explained their need for the Funds' audit reports in the following manner:

> [W]e are asking for any annual reports from '09 through '15, which is the time period within which we are being asked to pay principal and interest.  And again, we want to know the extent of the audit, what was determined during the audit, is there anything else that should have raised a flag, because, again, our argument, if it goes to trial, is going to be certainly that the Funds themselves have some liability as it relates to the penalty and interest; that we shouldn't be held responsible for six years of principal and interest when the Fund itself failed to properly oversee and audit their own employees.

(Tr. at 14).[2]

Plaintiffs' counsel challenged the scope and the relevancy of the request for audit reports. Specifically, plaintiffs' counsel argued audit reports for other employers were not relevant and that he did not "see the relevance [of the audit reports] if it's undisputed that the money wasn't paid."  (Tr. at 16).

Judge McCarthy disagreed.  She stated that whether defendants' failure to remit contributions to the plaintiffs "could have been discovered earlier or should have been discovered earlier[] could be an issue for their defense, and that's what they're trying to get . . . . [T]hey're entitled to find out if they can make [a showing] that interest should stop at a certain time for whatever reason based on the Fund failing to do something."  (Tr. at 18-19).  Judge

---

[2]    The conference transcript was prepared via digital recording device.  Neither party has filed the transcript on the docket.

McCarthy ordered plaintiffs to produce the audit reports referenced by the fund administrator in his deposition for the years at issue.  (Tr. at 19).[3]

The Hale Defendants also sought certain committee records from SMACNA.  The Hale Defendants argued SMACNA's negotiation committee records may reflect discussions about a clause added to CBAs that changed when employee contributions vest.  The Hale Defendants want to know if any discussions occurred at SMACNA about whether the clause was to be applied retroactively to existing CBAs.  The Hale Defendants contend the retroactivity of this clause is relevant because it was added to the CBAs after the CBA the Hale Defendants signed. (Tr. at 24-27).  According to the Hale Defendants, whether the clause was intended to be retroactive may affect whether plaintiffs can hold the Hales individually liable.  (Id.).

Because SMACNA is not a party, both counsel present at the conference agreed the best course would be for the Hale Defendants to subpoena the documents.  (Tr. at 28) ("The Court: 'Is it your position that you require Mr. McGovern to subpoena them?' Mr. Henzi: 'Yes.' The Court: 'Even though you produced this person as a witness and he mentioned it at his deposition?' Mr. Henzi: 'Yes.'").  Judge McCarthy agreed, noting certain confidentiality or privilege may apply to the records.  (Tr. at 28-29).[4]

On September 9, 2016, plaintiffs objected to Judge McCarthy's order insofar as it "permitted these Defendants to obtain annual audit reports and negotiating committee records." (Doc. #84 at 2).  Plaintiffs argue Judge McCarthy's order was clearly erroneous as to the audit

---

[3]     Judge McCarthy's holding was memorialized on the docket in the following minute entry: "Plaintiffs shall produce the 2009 - 2015 annual audit reports Richard Pagano referred to at his deposition by September 6, 2016."  (August 22, 2016, Minute Entry).

[4]     Judge McCarthy's holding was memorialized on the docket in the following minute entry: "Defendants shall obtain the 'Negotiating Committee' records that Larry Sturgis referred to in his deposition via subpoena."  (August 22, 2016, Minute Entry).

reports because the request is overbroad.  They also argue Judge McCarthy's order expands the issues for litigation because it is undisputed plaintiff Funds did not uncover Haldean's failure to remit contributions from 2009-2015.  (Id. at 4-5).  As to the SMACNA negotiating committee records, plaintiffs argue the order expands the issues for litigation and would amount to parol evidence to vary the terms of the CBA.  (Id. at 5-6).

On September 13, 2016, the Hale Defendants responded to plaintiffs' objections, arguing Judge McCarthy's order should be affirmed.  (Doc. #86).  The Hale Defendants contend the annual audit reports are relevant for substantially the same reasons discussed at the August 22, 2016, conference: the audits may show the plaintiff Funds should have detected Wendy Santucci's concealment of the fact that contributions were not being paid by Haldean, which may have an impact on the extent of damages.  (Id. at 2-3).  As to the SMACNA negotiating committee records, the Hale Defendants note they have subpoenaed the documents from SMACNA, and that plaintiffs lack standing to object to the production of the SMACNA documents.  (Id. at 4).

On September 20, 2016, plaintiffs filed a reply in support of their objections to Judge McCarthy's order, largely reiterating their arguments.  (Doc. #87).

## DISCUSSION

A district judge must set aside a magistrate judge's ruling on a non-dispositive matter if the ruling "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); accord 28 U.S.C. § 636(b)(1)(A); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010).  Discovery disputes are generally considered non-dispositive since they do not resolve substantive claims for relief.  Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990), cert. denied, 498 U.S. 846 (1990).

The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).  Pursuant to this deferential standard, "magistrate judges are afforded broad discretion to resolve discovery disputes and reversal is appropriate only if the discretion is abused." Lyondell-Citgo Ref., LP v. Petroleos de Venezuela, S.A., 2005 WL 551092, at *1 (S.D.N.Y. Mar. 9, 2005) (citation omitted).

Having reviewed the parties' arguments and applicable law, the Court finds nothing in Judge McCarthy's order that is clearly erroneous or contrary to law.

I.      Audit Reports

The Court agrees with Judge McCarthy's assessment that the Hale Defendants may have a colorable argument with respect to mitigation of damages if plaintiffs should have known of Haldean's failure to pay contributions, and plaintiffs failed to prevent interest or other damages from accruing for a period of time.  Because the Funds' annual audit reports with respect to Haldean may reflect plaintiffs' failure to act, defendants are entitled to the audit reports in discovery.

Plaintiffs' arguments to the contrary are unavailing.  This case is no longer a "simple collection matter," as plaintiffs argue.  (Doc. #87 at 4).  In both of their submissions, plaintiffs failed to show any error in Judge McCarthy's finding that damages from accrued interest may be mitigated if the audit reports reflect plaintiffs knew, or should have known, of Haldean's failure to remit contributions.  (Docs. ##84, 87).

II.      SMACNA Committee Records

Judge McCarthy did not order plaintiffs to produce anything with respect to their SMACNA committee records because SMACNA is not a party in the case, and because the Hale

Defendants planned to seek the records via subpoena.  Judge McCarthy's order merely memorialized the Hale Defendants' plan to obtain the records via subpoena.

Plaintiffs' arguments do not address meaningfully the fact that they are not being required to produce anything.  See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) ("A party generally lacks standing to quash a subpoena directed to a non-party unless the party claims some personal right or privilege with regard to the documents sought.").  At the August 22, 2016, conference, Judge McCarthy merely affirmed the parties' then-apparent agreement that the Hale Defendants would seek certain SMACNA records via subpoena.

In sum, Judge McCarthy acted within her discretion under Rule 26(b) to regulate the scope of discovery.  See Fed. R. Civ. P. 26(b)(1), (2)(C).

## CONCLUSION

Plaintiffs' objection to Judge McCarthy's order is OVERRULED.

Dated:  September 22, 2016
        White Plains, NY

                        SO ORDERED:

                        _____
                        Vincent L. Briccetti
                        United States District Judge